UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. SORENSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 4:05-CV-739 JCH |
| AL LUEBBERS, | ) ) ) |
| Respondent. | ) ) |

**MEMORANDUM AND ORDER**

The matter is before the Court on Missouri state prisoner Robert J. Sorenson's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1).

On July 27, 1993, a jury in the Circuit Court of Clay County, Missouri convicted Sorenson of one count of Assault in the First Degree. (Pet., Doc. No. 1 Attached Br. pg. 2). He was sentenced to a term of five years imprisonment. (Id.). Following a bench trial, on November 11, 1993 Sorenson was convicted in the Circuit Court of Clay County, Missouri of two counts of Forcible Rape. (Id.). He was sentenced to concurrent terms of seven years imprisonment; however, the sentences were to run consecutively with the July 1993 sentence. (Id.). On December 3, 1993, Sorenson pled guilty in the Circuit Court of Clay County, Missouri to Second Degree Sexual Assault and was sentenced to a term of four years imprisonment, which was to run consecutively with his other sentences.[1] (Id.).

On March 1, 2004, Petitioner learned that the parole board had denied his conditional release[2] because he failed to complete the Missouri Sex Offenders Program. (Resp., Doc. No. 3 pg. 4, citing Ex. 1). On September 20, 2004, Petitioner filed a motion for writ of habeas corpus with the Circuit

---

[1]Neither party has informed the Court whether Petitioner appealed any of his convictions.

[2]Conditional release means the conditional discharge of an offender by the board of probation and parole, subject to certain conditions the board deems reasonable. Mo. Rev. Stat. § 558.011.4(2).

Court of St. Francois County, Missouri ("St. Francois Habeas Action"). (Id. at Ex. 1). It was denied on November 17, 2004. (Pet., Doc. No. 1 at Attached Ex. pg. 39). Petitioner appealed the circuit court's judgment, but the Missouri Court of Appeals dismissed the appeal, holding that it lacked jurisdiction because "an appeal does not lie from the denial of a petition for habeas corpus." Sorenson v. Luebbers, 158 S.W.3d 860 (Mo. Ct. App. 2005). It also informed Petitioner that his proper remedy was to file an original petition for writ of habeas corpus with the Missouri Court of Appeals.[3] Id. On May 9, 2005, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with this Court. (Doc. No. 1).

## DISCUSSION

Respondent argues that all of Petitioner's claims are untimely. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for the commencement of federal habeas proceedings. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. Id. at § 2244(d)(1)(A). In some cases, such as this, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. at § 2244(d)(1)(D). The limitations period is tolled, however, while a "properly filed application for state post-conviction or other collateral review ... is pending." Faulks v. Webber, 459 F.3d 871, 873 (8th Cir. 2006) (citing 28 U.S.C. § 2244(d)(2)).

The Court must first determine whether either the St. Francois Habeas Action or the appeal therefrom tolled the limitation period. Neither side disputes that the St. Francois Habeas Action was properly filed and pending for fifty-nine days. (Resp., Doc. No. 3 Ex. 1). As previously stated, the Missouri Court of Appeals dismissed the appeal because it lacked jurisdiction. Sorenson, 158 S.W.3d

---

[3]Petitioner never filed an original habeas petition with the Missouri Court of Appeals.

at 860; see also Blackmon v. Mo. Bd. of Prob. & Parole, 97 S.W.3d 458 (Mo. 2003) (explaining that Missouri requires a petitioner to file a new habeas petition with the appeals court rather than taking an ordinary appeal from the circuit court's judgment). The relevant precedent holds that a petitioner must follow the applicable state filing rules for an application to be considered "properly filed." See Artuz v. Bennett, 531 U.S. 4, 10 (2000) (stating that a claim is pending, but not properly filed, if the application is accepted by the clerk of a court lacking jurisdiction); Lewis v. Norris, 454 F.3d 778, 781 (8th Cir. 2006) (holding that failure to follow a state's procedural rules means an application is not properly filed); Walker v. Norris, 436 F.3d 1026, 1029 (8th Cir. 2006) (holding that a state petition that was dismissed as untimely is not a properly filed application for purposes of § 2244(d)(2)). Petitioner's appeal failed to comply with Missouri's filing rules for habeas claims at the appellate level. Thus, only the St. Francois Habeas Action tolled the limitations period.

Petitioner learned that the parole board rejected his conditional release on March 1, 2004. The limitation period would have run on March 1, 2005; however, it was tolled for fifty-nine days. Thus, Petitioner had until April 28, 2005 within which to file his federal habeas petition. The Petition is dated May 4, 2005 and the Court received it on May 9, 2005. (Pet., Doc. No. 1). Thus, Petitioner's habeas claim is time-barred.

The Court can equitably toll the statute of limitations; however, this is only proper when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); see also Davis v. Puckett, 296 F. Supp. 2d 1027, 1031 (E.D. Mo. 2003) (discussing equitable tolling). Generally, a litigant seeking equitable tolling bears the burden of establishing that 1) he pursued his rights diligently; and 2) that some extraordinary circumstance stood in the way. Walker, 436 F.3d at 1033 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner argues that his pro se status and his mental health prevented him from complying with Missouri's filing requirements. The circumstances, however, do not support Petitioner's assertion. The St. Francois Habeas Action complied with Missouri's filing rules. Furthermore, the Missouri Court of Appeals informed him of the proper method for pursing his claim. See Sorenson, 158 S.W.3d at 860. These circumstances do not show that forces outside of Petitioner's control prevented him from making a timely filing.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner will not be granted a certificate of appealability with respect to the claims raised in his Petition for Writ of Habeas Corpus at this time.

Dated this 25th day of January, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE